IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) Criminal No. 11-185 |
| EDGE et al. | ) |

## OPINION ON PRETRIAL MOTIONS

Defendant Kurt Maxshure(2) ("Maxshure" or "Defendant"), is charged in a one-count superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1). The superseding indictment arose out of a Drug Enforcement Administration (DEA) Agent's interception of wire communications and surveillance of the participants in the alleged drug conspiracy.

Presently before the Court are the following motions and their corresponding ECF number filed by Defendant Kurt Maxshure. Maxshure filed a Motion for Additional Discovery [489]; a Motion for Notice by the Prosecution of Intention to Use Evidence Arguably Subject to Suppression [490]; a Motion to Disclose Evidence which the Government Intends to Use under Federal Rules of Evidence 404(b) and 609 [491]; Motion to Suppress Evidence Relating to Warrantless Search of One 2001 Black Honda Accord and Residence Located at 1936 Lincoln Avenue Extension [492]; Motion to Suppress Wiretap Evidence [493]; Motion for Disclosure of Promises of Leniency and Preferential Treatment and/or Existence of Plea Bargain Agreements for Government Witnesses with Citation of Authorities [495]; Motion to Compel Production of Brady Material [496]; Motion for Early Disclosure of All Jenks Act Material and Law in Support Thereof [497]; Motion for Ordering of Government's Proof or a Separate Hearing to Determine

1

the Existence of Conspiracy with Citation of Authorities [498]; Motion to Join in Pre-Trial Motions of Co-defendants [500]; and Motion to Suppress Evidence from GPS device [545].

## I. Motions to Adopt Pre-Trial Motions filed by Co-Defendants [ECF No. 500].

Defendant Maxshure also filed a Motion for Joinder of Pre-trial Motions filed by his co-defendants that pertain to them. In the interest of judicial economy and the Defendant's right to a fair trial, the Court hereby GRANTS his Motion for Joinder.

## II. Motion for Bill of Particulars [ECF No. 191]

By way of adoption, Maxshure filed a Motion requesting that the Court issue an Order directing the Government to file a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f).

The United States Court of Appeals for the Third Circuit has succinctly explained as follows:

> A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor [.]" Black's Law Dictionary 177 (8th ed.2004). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." [United States v. ]Addonizio, 451 F.2d [49,] 63-64 [(3d Cir.1972)]. Only where an indictment fails to perform these functions, and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]" United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir.1989) (citing Addonizio, 451 F.2d at 62-63), will we find that a bill of particulars should have been issued.

United States v. Urban, 404 F.3d 754, 771-772 (3d Cir. 2005). In this case, the superseding indictment is clearly worded and gives the Defendant notice of the essential facts supporting the alleged crimes of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846 asserted in Count 1.

The superseding indictment is specific, clear, and detailed and we find that the superseding indictment informs the Defendant of the charges against him and permits him to adequately prepare a defense. We thus DENY Defendant's motion for a bill of particulars.

### III. Motion for a Pre-Trial Hearing to Determine the Existence of a Conspiracy to Exclude Co-Conspirator Declarations [ECF No. 498].

Maxshure filed a Motion for a pre-trial hearing to determine the admissibility of co-conspirator declarations governed by Rule 801(d)(2)(e) of the Federal Rules of Evidence, which provides that such declarations are admissible if the offering party establishes the following by a preponderance of the evidence:

1. A conspiracy existed;

2. The declarant and the defendant, against whom the statement is offered, participated in the conspiracy; and,

3. The statement was made in furtherance of the conspiracy and during the existence of the conspiracy.

The purpose of the pre-trial hearing is to avoid hearsay declarations against a defendant during trial that are not admissible under the Evidence Rule and where instructions to the jury may not cure the resulting prejudice to the defendant. Whenever possible the trial court should require the government to prove the existence of the conspiracy and each defendant's connection with it by independent evidence before admitting hearsay declarations of an alleged co-conspirator. See United States v. James, 590 F.2d 575, 583 (CA5, *en banc*) (1979). Maxshure notes the judicial economy in having a pre-trial James Hearing is to avoid any chance of mistrial or needing to give curative instruction to the jury. However, in this case, as the Government asserts, there is a greater judicial economy in proceeding with the trial as the co-conspirator statement will require context that will be provided at trial.

A pre-trial James Hearing would likely be cumbersome and lengthy. Further, James indicates that these types of hearings should be conducted when reasonably practicable. See id. at 582. It is our determination that in this case it would not be reasonably practicable to hold

3

such a pre-trial hearing and that the Court will require the Government to satisfy Rule 801(d)(2)(e) prior to allowing the admission of any co-conspirator statements at trial. The Motion for the Court to conduct a pre-trial James hearing is DENIED.

### IV. Motion for Production of Discovery Materials

Maxshure seeks production of a variety of materials pursuant to either Rule 16 or as exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), and potential impeachment material under Giglio v. United States, 405 U.S. 150, 154 (1972).

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

Ramos, F.3d. at 67-68; See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay.

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney

4

for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2). The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
> . . . .

18 U.S.C. § 3500(a) & (b).

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that "Upon a defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

In addition, Defendants seek notice of additional 404(B) evidence that the government intends to introduce at trial; any evidence of agreements, promises or assurances given to government witnesses; any exculpatory evidence or impeachment evidence, any additional expert witness evidence.

5

### A. Exculpatory Evidence / Brady and Giglio Material [ECF Nos. 489, 495, 496, and 497]

Maxshure requests any information relating to promises of immunity or favorable treatment, express or implied, made to any government witnesses. Certainly any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady. See United States v. Higgs, 713 F.2d 39, 43 (3d Cir. 1983) ("[e]vidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility"). See also United States v. Bledsoe, 2006 WL 3098770, *2 (Oct. 30, 2006) (Cercone, J.) (footnote omitted) ("[a]s a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jenks Act"). Therefore, the Government is required to provide the defense with any information relating to any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment. Said information, to the extent that it exists and has not already been produced, shall be produced to the defense no later than one week prior to trial, which in this case is Tuesday August 27, 2013. See id., quoting, Higgs, 713 F.2d at 44 ("Brady impeachment material ordinarily must be disclosed 'in time for its effective use at trial'."). In addition, the government should also provide the defense with any other exculpatory evidence it is aware of immediately in order not to delay trial it is imperative that the government and the defense be prepared for trial.

To the extent Defendant requests disclosure of information as to Government witnesses we note that there is no basis upon which the court can order the Government to provide such

information as Jencks material prior to the time a witness has testified on direct examination at trial. We do however encourage the Government to provide the defense with Jencks Act materials in time to avoid any delays during trial.

### B. Motion for Disclosure of Evidence Arguably Subject to Suppression [ECF No. 490]

Maxshure filed Motions for Notice of Intention to use Evidence Arguably subject to suppression. As stated in the Government's Response to Pre-Trial Motions [ECF No. 540], it has produced evidence it intends to use at trial and will continue to do so as required by Rule 16. To date Government has produced all the evidence it intends to use at trial. To the extent this request seeks information beyond that covered by Rule 16, the Motion is DENIED. Otherwise the Motion is GRANTED insofar as the Government has complied with such requests.

### C. Motion for Expert Disclosure [ECF No. 477]

Maxshure, by way of adoption, seeks the disclosure of any expert witnesses Government intends to call. In response, the Government states that it does not intend to introduce any other expert testimony other than that of lab technicians who examined and analyzed the suspected controlled substances. Otherwise the Government has not yet determined which expert testimony it will use in its case. The Government submits it will provide Defendants with a written summary of any expert testimony that may be introduced in the Government's case and chief, as well as the curriculum vitae of the expert. We find that the Government has complied with its requirements under Rule 16(a)(1)(G). Thus, we will GRANT Defendant's motion as agreed to by the Government.

## IV. Motions in Limine

### A. To Exclude 404(b) Evidence [ECF No. 491]

Maxshure filed a Motion for the Government to disclose and provide notice of such evidence the Government intends to use at trial. The Government has not yet identified the specific bad acts by defendants that it will seek to introduce at trial but has agreed to provide notice of the crimes, wrongs or bad acts it seeks to introduce.

The Government contends that the purpose of introducing these prior bad acts is to establish the Defendants' intent and motive, opportunity, preparation, plan knowledge, identity, or absence of mistake or accident.

Federal Rule of Evidence 404(b) states as follows:

> **(b) Crimes, Wrongs, or Other Acts.**
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.**
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> > **(A)** provide reasonable notice of the general nature off any such evidence that the prosecutor intends to offer at trial; and
> > **(B)** do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

FRE 404(b). Thus, the "threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001). The four-part test for admission of 404(b) evidence is: (1) the evidence must have a proper purpose under 404(b); (2) the evidence is relevant under 402; (3) the probative value outweighs the prejudicial effect under 403; and (4) the court must charge the jury to consider evidence only for the limited purpose for which it was admitted. Huddleston v. United States, 485 U.S. 681 (1988); United States v.

8

Green, 617 F.3d 233, 249 (3d Cir. 2010). The evidence may be admitted if it is "relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit a crime." United States v. Givan, 320 F.3d 452, 460 (3rd Cir. 2003) (citation omitted).

When evidence of a crime, wrong, or other act is both relevant and admissible, the government "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed offenses before, he therefore is more likely to have committed this one." United States v. Sampson, 980 F.2d 883, 887 (3rd Cir. 1992); United States v. Morley, 199 F.3d 129, 133 (3rd Cir. 1999). Furthermore, in the "Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 690.

The Court GRANTS Defendant's Motion for notice and disclosure of 404(b) evidence as agreed to by the Government and any such evidence shall be produced by the Government to the Defendants prior to trial.

With regard to the Motion in Limine to Exclude such 404(b) evidence filed by Maxshure, by way of adoption, [ECF No. 193], we will DENY this motion without prejudice because it is premature as the Court cannot make a ruling on evidence that has not been submitted. With regard to any request by the Defendants' for additional 404(b) evidence, the Government indicates that it has no other 404(b) evidence it will introduce at trial other than the information already disclosed. Thus this motion is DENIED as moot. Should the Government indicate it will present further 404(b) evidence at trial, Defendants may file a Motion in Limine to exclude such evidence if Defendant deems such action appropriate.

## V. Motions to Suppress

With regard to Maxshure's Motion to Suppress Evidence Relating to Warrantless Search of One 2001 Black Honda Accord and Residence Located at 1936 Lincoln Avenue Extension [492]; Motion to Suppress Wiretap Evidence [493]; and Motion to Suppress Evidence from GPS device [545] the Court will hear arguments on Tuesday, September 3, 2013.

8/30/2013
Date

Maurice B. Cohill, Jr.
United States District Judge